# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON DY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LA PALMA CORRECTIONAL CENTER, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01448-SAB-PC<br><br>ORDER TRANSFERRING CASE TO UNITED STATES DISTRICT COURT FOR DISTRICT OF ARIZONA |

　　Plaintiff is a state prisoner proceeding in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 29, 2016. (ECF No. 1.) Plaintiff also filed a motion to proceed in forma paupers pursuant to 28 U.S.C. § 1915 that same day. (ECF No. 2.)

　　Plaintiff names as defendants in this action medical staff who were employed the La Palma Correctional Center in Eloy, Arizona. Plaintiff contends that at the time of the events at issue, he was a prisoner of the State of California, but was housed at the La Palma Correctional Center due to prison overcrowding. Plaintiff alleges deliberate indifference to his medical condition while housed at that correctional center.

　　The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events

1

or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

As noted above, Plaintiff asserts a claim arising out of events that occurred at the La Palma Correctional Center in Eloy, Arizona. Venue is not proper in this district because both defendants and any witnesses reside in Arizona and all events relevant to this action occurred in Arizona. See 28 U.S.C. § 1391(b). The La Palma Correctional Center is in Arizona, and venue properly lies in that district, and not in this one. See 28 U.S.C. § 1391(b); 28 U.S.C. § 82.

Pursuant to 28 U.S.C. § 1406(a), when a case has been filed in the wrong district, the "district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Additionally Local Rule 120(f), provides that a civil action which has not been commenced in the proper court may, on the court's own motion, be transferred to the proper court. Therefore, this action will be transferred to the District of Arizona. This court will not rule on Plaintiff's request to proceed in forma pauperis.

Accordingly IT IS HEREBY ORDERED that:

1. This action is this case is transferred to the United States District Court for the District of Arizona; and

2. This court has not ruled on Plaintiff's request to proceed in forma pauperis.

IT IS SO ORDERED.

Dated:   **November 9, 2016**

UNITED STATES MAGISTRATE JUDGE

2